IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 25-174-1 |
| | : | |
| ANDRES DE LA ROSA HERNANDEZ | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Andres De La Rosa Hernandaez submits this brief sentencing memorandum for the Court's consideration at sentencing. By June 16, 2025, Mr. De La Rosa will have been in custody almost two months. He is 61 years old, and he has no prior criminal convictions. He knows he violated the law when he used the identity of another individual in order to work and live in the United States. But it must be considered that he used this identity to legally work, pay taxes, and support his children.

The recommended sentencing guideline range is in this case is 0 to 6 months. The defense respectfully submits that an analysis of the 18 U.S.C. § 3553(a) factors and *United States v. Booker*, 543 U.S. 220 (2005) warrant a sentence of time served.

**I.      Mr. De Las Rosa's Personal History and Background**

Mr. De La Rosa was born in the Dominican Republic in 1964. His mother is deceased and his 88-year-old father lives in their hometown of La Vega, Dominican Republic. He came to the United States at age 34 to work and has lived in New York, New Jersey, and Pennsylvania. He has worked primarily as a truck driver but worked miscellaneous jobs as needed to support his family. Because he utilized the identity of a United States citizen, he was paid in paychecks and paid taxes.

Mr. De La Rosa has four adult children. His oldest son is a doctor and lives in the Dominican Republic, researching cancer. His next oldest is a systems engineer. His oldest daughter lives in New Jersey and works with special needs children. His youngest is still in grade school in the Dominican Republic. Prior to his arrest, Mr. De La Rosa lived with his partner in Camden, New Jersey. Mr. De La Rosa is very proud of his children. His oldest daughter will be present in court for sentencing.

After his inevitable deportation, Mr. De La Rosa intends to live with and care for his elderly father. He will also work and continue to support his youngest child.

## II.     The Advisory Guideline Range

Under U.S.S.G. § 2L2.2, the base offense level is 8. Because Mr. De La Rosa applied for a passport, four levels are added pursuant to U.S.S.G. § 2L2.2(b)(3)(A). He is entitled to a two-level reduction under U.S.S.G. § 3E1.1(a) for accepting responsibility and pleading guilty. Additionally, with no criminal history whatsoever, he is entitled to two additional levels under U.S.S.G. § 4C1.1. As such, his total offense level is 8. With a criminal history category of I, the advisory guideline range is 0 to 6 months incarceration.

## III.    Application of the 18 U.S.C. § 3553(a) Factors

By the date of sentencing, Mr. De La Rosa will have been in custody nearly two months. A sentence of time served is already squarely within the advisory guideline range, making it presumptively reasonable. Furthermore, a sentence of time-served squarely meets the statutory objectives of 18 U.S.C. § 3553(a), *United States v. Booker*, 543 U.S. 220 (2005), and its progeny.

The defense recognizes that any violation of federal law is a serious offense. But unlike many other offenses, the crime of someone using another person's identification in order to live, work, and pay taxes in the United States is non-violent and was done for the sole purpose of

2

remaining in the United States and working to support his family. He did not violate any other laws, aside from remaining in the United States without permission. At 61 years old, Mr. De La Rosa has no intention of ever coming back to the United States. He knows and accepts that he will be deported and never permitted to enter the United States without permission in the future. Should he reenter, he will be faced with prosecution for illegal reentry in violation of 8 U.S.C. § 1326 and will face additional incarceration.

Because of his inevitable deportation, the only way for Mr. De La Rosa to violate the laws of the United States, is to reenter in the future. A conviction for a future violation of 8 U.S.C. § 1326 will result in a much greater guideline range, which is a risk Mr. De La Rosa is not willing to take.[1] The defense respectfully submits that reality of future incarceration serves a greater deterrence than additional months in prison on the current sentence. And while work in the Dominican Republic may not be as lucrative as in the United States, Mr. De La Rosa understands that the risk of incarceration is not enough to overcome these obstacles.

This Court must decide whether any 18 U.S.C. § 3553(a) factors will be met by sentencing Mr. De La Rosa to additional time – at a cost of over $3000 per month. PSR ¶ 62. The defense submits that subjecting him to further incarceration will not deter him more than the last two months of incarceration have; and it will not serve to protect the public from future crimes as he will be deported upon completion of his sentence. Furthermore, there are no medical or educational considerations for this Court when fashioning an appropriate sentence. Any sentence above time-served will not provide enough time for the Bureau of Prisons to

---

[1] Under U.S.S.G. § 2L1.2, in a future prosecution for violating 8 U.S.C. § 1326, Mr. De La Rosa will face an advisory guideline range of 12 to 18 months with enhancements under U.S.S.G. 2L2.1(b)(3)(D) and an increased criminal history category due to the instant conviction.

3

designate and transfer Mr. De La Rosa to a facility to receive any such training or education.[2]

## IV.     Conclusion

Mr. De La Rosa is a humble man who has spent his life working hard and supporting his family.  He apologizes to this Court and the United States government for using another person's identity to live and work in the United States.  He understands and accepts that he must comply with any determination made by the Bureau of Immigration and Customs Enforcement regarding his future.  For all the reasons cited herein, as well as any which become apparent to the Court at the sentencing hearing, Mr. De La Rosa respectfully requests this Court impose a sentence of time-served.

                                              Respectfully submitted,

                                              */s/ Nancy MacEoin*
                                              NANCY MacEOIN
                                              Assistant Federal Defender
                                              Chief, Trial Unit

---

[2] In addition to timing consideration, it is highly unlikely that Mr. De La Rosa would be afforded vocational or educational opportunities due to his status as a deportable alien.  The presence of an immigration detainer will limit access to programs available to similarly situated United States citizens, including literary and English as a Second Language programs, as similarly situated United States citizens.  28 C.F.R. § 544.51(b) ("Generally, inmates under orders of deportation, exclusion, or removal may participate in an institution's occupational education program if Bureau resources permit after meeting the needs of other eligible inmates"); 28 C.F.R. § 544.41(a)(3).  In essence, Mr. De La Rosa will only be permitted to participate in educational and occupational programs after all eligible United States citizen inmates are enrolled.

**CERTIFICATE OF SERVICE**

    I, Nancy MacEoin, Assistant Federal Defender, Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I filed the attached Defendant's Sentencing Memorandum, via the Court's Electronic Filing (ECF) system, which sent notification to Kevin L. Jayne, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106, via his email address Kevin.Jayne@usdoj.gov.

                                                 */s/ Nancy MacEoin*
                                                 NANCY MacEOIN
                                                 Assistant Federal Defender
                                                 Chief, Trial Unit

DATE:  June 10, 2025